IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DEBORAH TAYLOR, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-517 |
| § | |
| DONALD H. RUMSFELD, SECRETARY § | |
| OF DEFENSE (ARMY & AIR FORCE § | |
| EXCHANGE SERVICE–AAFES), § | |
| § | |
| Defendant. § | |

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

This Title VII case arises from alleged employment discrimination experienced by Plaintiff Deborah Taylor ("Plaintiff") while employed by the United States Army & Air Force Exchange Service ("AAFES") in Ramstein, Germany. The AAFES is under the umbrella of the Department of Defense. Donald H. Rumsfeld ("Rumsfeld") is the Secretary of Defense. Now before the Court is Defendant's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(3) for Improper Venue. In the alternative, Defendant urges this Court to transfer the present lawsuit to either the Eastern District of Virginia or the Northern District of Texas pursuant to this Court's authority under 28 U.S.C. § 1406. For the reasons stated below, Defendant's Motion to Dismiss for Improper Venue is respectfully **DENIED**, and Defendant's Motion to Transfer Venue to the Northern District of Texas is hereby **GRANTED**.[1]

**I. Background**

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Plaintiff is a former employee of the AAFES.[2] On May 15, 2001, AAFES hired Plaintiff to work as a supervisor at a store in Ramstein, Germany. Plaintiff is an American citizen of African descent. At the time of the events giving rise to this lawsuit, Plaintiff was employed in Ramstein, Germany. She currently resides in Galveston, Texas.

Plaintiff alleges that the employees at the store were discontented with her hiring, and that through her hiring, another employee of Caucasian descent was passed over. Plaintiff alleges that she was informed by the Operations Manager, Steven Johnson, that part of the problem with the employees' discontent was due to her race. Plaintiff then complained through her chain of command. She alleges that no investigation as to the alleged hostile work environment or discrimination was made, but instead she was blamed for the employees' inappropriate conduct and as a result, her job duties were modified.

On July 11, 2001, Plaintiff requested leave without pay. She was told that this would not be a problem and that she would be allowed to take leave without pay for up to one year. On July 19, 2001, Plaintiff returned to the United States due to a family emergency. Once in the United States, she learned that her employment was terminated as of August 15, 2001, on the basis of abandonment of her position.

Plaintiff filed her Complaint on September 28, 2004, claiming discrimination in violation of federal law. The U.S. Attorney was served on October 27, 2005. Defendant Rumsfeld's Answer was due on or before December 27, 2005. Defendant Rumsfeld's Motion to Dismiss or in the Alternative Transfer Venue, filed December 12, 2005, is his initial pleading in this case.

## II. Analysis

---

[2]Since this is a Motion to Dismiss, the Court must consider the facts as they have been presented by Plaintiff. Accordingly, the Court has laid out the facts as alleged in Plaintiff's Complaint, but makes no judgment as to their accuracy.

*A. Proper Treatment of This Motion*

Defendant moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) on the ground that venue in this Court is improper, relying upon Title VII's venue provision provided at 42 U.S.C. § 2000e-5(f)(3). Alternatively, Defendant Rumsfeld asks this court to transfer Plaintiff's suit to the Eastern District of Virginia or the Northern District of Texas pursuant to 28 U.S.C. § 1406, if the Court finds that venue is in fact improper and that it is in the interest of justice to cure the improper venue by transfer.

A party may move to dismiss an action when a case has been filed in an improper venue. *See* FED. R. CIV. P. 12(b)(3). Pursuant to 42 U.S.C. § 2000e-5(f)(3), a Title VII action must be brought in either (1) the judicial district in the state in which the unlawful employment practice is alleged to have been committed; (2) the judicial district where the relevant employment records are maintained and administered; (3) the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice; or (4) the judicial district in which the respondent has his principal office. *See* 42 U.S.C. § 2000e-5(f)(3). Plaintiff does not contest Defendant's assertion that venue in this Court is improper.

In this case, the alleged unlawful employment practice took place in Ramstein, Germany, and Plaintiff would have continued to work in Ramstein, Germany but for the alleged unlawful employment practice. All of the records relevant to this lawsuit are located in Dallas, Texas, at the Pentagon in Arlington, Virginia, or in Ramstein, Germany. AAFES's headquarters are located in Dallas, Texas, and Defendant Rumsfeld's principal office is located at the Pentagon. Dallas is located in the Northern District of Texas, and the Pentagon is located within the Eastern District of Virginia. Thus, both the Northern District of Texas or the Eastern District of Virginia would be appropriate venues under the relevant statute.

A district court may cure improper venue by transferring the case to any district or division in which it could have been brought if it is in the interest of justice to do so. *See* 28 U.S.C. § 1406(a). Transfer of the case to a court with proper venue is the "usual procedure." 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3827 (2d ed. 1986). Under the circumstances, it would clearly be in the interest of justice to transfer this case to a court with proper venue. First, there is no suggestion that this cause of action was initiated in this Court for any improper purpose or motive. Plaintiff is a resident of this District and this Division, and as such, one would assume that venue in this Court would be proper. In fact, the Parties have not provided any reason why this case should not be transferred. But for the statute, it would appear that there is no reason why venue in this Court would not otherwise be appropriate. However, the Court has no choice but to dismiss or transfer this case given the language of the statute. Second, the Parties essentially agree that transfer to a court of proper venue is the appropriate resolution. Third, dismissal at this stage of the proceedings would serve to needlessly delay any resolution of this matter and/or any relief to which Plaintiff may be entitled.

The Court finds that proper venue lies in both the Northern District of Texas and the Eastern District of Virginia. Transfer to the Eastern District of Virginia would invoke obvious hardship upon Plaintiff, a resident of Galveston, who can least afford the costs of litigating half-way across the country. On the other hand, transfer of this case to the Northern District of Texas would more equitably burden both Parties with the costs and expenses associated with this litigation. Therefore, the Court finds that it is in the interest of justice to transfer this case to the Northern District of Texas, a court with proper venue.

**III. Conclusion**

For these reasons, and those outlined above, Defendant Rumsfeld's Motion to Dismiss for Improper Venue is respectfully **DENIED**, and Defendant Rumsfeld's Motion to Transfer Venue is **GRANTED**, and it is **ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Northern District of Texas, Dallas Division. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 25th day of January, 2006 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge